YELVERTON, Judge.
Noah Gene McCollister sued for his personal injuries and property damages when his motorcycle was in collision with a car owned by Ronald Cunningham, driven by Edith P. Cunningham, and insured by Government Employees Insurance Company. The trial court found that the defendant driver was negligent, but rejected the plaintiff’s demands on the basis of a finding that his contributory negligence was a cause of the accident. Plaintiff appealed. We affirm.
*392 The accident happened in the daylight hours on East Park Avenue in the City of Houma, Parish of Terrebonne. Mrs.. Cunningham was driving the family 1973 Chevrolet automobile in an easterly direction on that street. Plaintiff was operating his 750 Honda motorcycle behind Mrs. Cunningham in the same direction of travel and in the same lane. In the area of the accident East Park Avenue is divided into three lanes. The middle lane is a turn lane only, reserved for traffic traveling east, turning left. The outside two lanes are for the usual through traffic in opposite directions.
Mrs. Cunningham was traveling altogether in the eastbound through traffic lane. She was intending to turn right. She was in the proper lane for straight ahead or right turning traffic. In her efforts to make a right turn onto a private driveway she first cut her wheels to the left .slightly, as many drivers are wont to do, thinking to make it an easier right hand turn. Her car was altogether in the eastbound traffic lane both before and at the time of the accident, but from some witnesses it appears probable that the car went partially into the middle lane during the initial stage of the turn.
The McCollister motorcycle was traveling at a much faster rate of speed then Mrs. Cunningham’s car. He was traveling very fast, recklessly closing the distance between the vehicles, and he misjudged the intention of Mrs. Cunningham when he observed the slight turn to the left. He thereupon accelerated his motorcycle and attempted to pass her on the right, keeping close to the curb. Instantly it became apparent that the car was making a right hand turn, but the motorcycle was already committed. He ran into her right front fender, causing the accident and his personal injuries.
In his sound reasons for judgment, the trial court analyzed, the testimony of all witnesses, indicating that it had “little confidence in the testimony of the plaintiff.” The trial judge regarded as very credible the testimony of two eyewitnesses, neither of whom was interested in the outcome of the case. One testified for the plaintiff and the other for the defendants. Without detailing their testimony, it will suffice to say that both these witnesses saw the plaintiff operating his motorcycle on this 25 mph speed limit street at speeds estimated up to 60 mph. It is a reasonable conclusion based on the testimony of these witnesses that the plaintiff was operating his vehicle with reckless abandon and that he was simply taking a chance when he chose to hastily interpret Mrs. Cunningham’s slight motion to the left as an indication that she was going to make a left turn. The excessive speed of the motorcycle is further adduced from the fact that it hurdled another 78 feet beyond the point of impact, and the collision was a solid impact, not a glancing one.
Plaintiff makes much of the absence of proof that Mrs. Cunningham’s directional signals were operating. There was conflicting testimony as to whether these signals were in operation. Plaintiff said they were not. Actually, it makes little difference under the facts of this case. If the signals were operating, the compelling probability is that they indicated a right turn, as this is the turn Mrs. Cunningham was actually making. If the directional signals were not working, that circumstance ought to have increased the uncertainty of Mrs. Cunningham’s intentions. In either event, the plaintiff quite simply failed in his duty to observe traffic conditions ahead of him and to keep his vehicle under proper control.
The trial court concluded that certain ordinary rules of safe driving, manifestly sound in themselves and requiring no citation of authority, were violated by the plaintiff, specifically
“In driving his motorcycle in a reckless manner from off of Orleans Avenue (U.S. 90) into the intersection with East Park Avenue, and down the right east *393 bound traffic lane of East Park Avenue at a rate of speed in excess of the speed of forty miles per hour, and in a manner which was unusual and unreasonable under the circumstances and which could be expected to increase the danger to himself and others; that he was driving aggressively not keeping a proper lookout, and failed to keep his vehicle under proper control, was following the defendant too close and was in reckless haste; and that he negligently attempted to pass her vehicle on her vehicles (sic) right, while they were both yet in the same traffic lane.”
Our independent analysis of the testimony convinces us that the findings of fact reached by the trial court were eminently correct and that plaintiff’s claim is defeated by his own contributory negligence. For these reasons we affirm the judgment at appellant’s costs.
Affirmed.